The **CHIEF FREIGHT LINES COMPANY and Capitol Truck Lines, Inc.,** Plaintiffs,

v.

**UNITED STATES of America and Interstate Commerce Commission,** Defendants,

**Railway Express Agency, Inc., Intervening Defendant.**

No. 14441–1.

United States District Court
W. D. Missouri, W. D.

June 4, 1964.

Tom B. Kretsinger, Wentworth E. Griffin, Kansas City, Mo., for plaintiffs.

William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Atty. Dept. of Justice, Washington, D. C., F. Russell Millin, U. S. Atty., Kansas City, Mo., for United States.

Robert W. Ginnane, Gen. Counsel, Thomas H. Ploss, Atty., I.C.C., Washington, D. C., for Interstate Commerce Commission.

Sam D. Parker, David R. Smalley, Kansas City, Mo., William J. Taylor, Gen. Counsel, William H. Marx, Gen. Atty., New York City, for intervening defendant.

Before RIDGE, Circuit Judge, and DUNCAN and OLIVER, District Judges.

## ORDER

This cause having been submitted upon the record made before this Court, including the record and report of the Interstate Commerce Commission, the briefs and argument of counsel, and the Court being fully advised in the premises, it is, by the Court, hereby

Ordered that the attached opinion of John W. Oliver, District Judge, be, and it is hereby, adopted as the opinion of the Court. It is further

Ordered that the report and order of the Interstate Commerce Commission under review be, and it is hereby, in all respects affirmed. It is further

Ordered and Adjudged that plaintiff's application for a permanent injunction be, and the same is hereby, denied.

The opinion of JOHN W. OLIVER, District Judge, is as follows:

Plaintiffs, in this action brought under Sections 1336, 1398, and 2321 through 2325 of Title 28 United States Code, seek to set aside, vacate, and annul the report and order of the Interstate Commerce Commission entered on November 29, 1962, in a proceeding entitled No. MC 66562 (Sub. No. 1675) Railway Express Agency, Inc. Extension-Yates Center, Kansas. By its report and order entered that day, the Commission affirmed the decision of Joint Board No. 36 rendered April 14, 1961, which had granted a certificate of public convenience and necessity to Railway Express Agency, Inc., to operate in interstate commerce as a common carrier by motor vehicle carrying general commodities, moving in express service, between Kansas City, Missouri, and Coffeyville, Kansas, subject to the following restrictions:

(1) The service to be performed by applicant shall be limited to that which is auxiliary to, or supplemental of express service of the Railway Express Agency;

(2) Shipments transported by applicant (except those moving locally between Kansas City, Mo., on the one hand, and, on the other, Coffeyville, Kans., and authorized intermediate points), shall be limited to those moving on through bills of lading or express receipts covering, in addition, to a motor carrier movement by applicant, an immediately prior or immediately subsequent movement by rail or air.

(3) The authority granted herein, to the extent it authorizes the transportation of dangerous explosives, shall be limited, in point of time, to a period expiring 5 years from the date of certificate;

(4) Such further specific conditions as the Commission, in the future, may find necessary to impose in or-

der to restrict applicant's operations to a service which is auxiliary to, or supplemental of express service of the Railway Express Agency.

The report and order of the Commission involved in this case was decided shortly after the Commission's report and order was entered in Railway Express Agency, Incorporated Extension-Nashua, N. H., No. MC 66562 (Sub. No. 1515 and others) decided October 5, 1962. A complaint attacking that order in a proceeding essentially similar to this proceeding was dismissed by the three-judge District Court composed of John P. Hartigan, Circuit Judge, and Edward T. Gignoux and Andrew A. Caffrey, District Judges, in Auclair Transportation, Inc. v. United States, D.C.Mass., 1963, 221 F. Supp. 328.

▪ Motion to affirm the Auclair Transportation case was granted by the Supreme Court of the United States on March 23, 1964, 376 U.S. 514, 84 S.Ct. 966, 11 L.Ed.2d 968. Such affirmance obviates the necessity of any extended opinion by this court.

Manifestly plaintiffs' main argument before us that Auclair Transportation was "incorrect, unjustified and should not be accepted by this Court" is not now tenable.

▪ The only remaining duty we have in the case at bar is to determine whether the particular grant of authority involved in this case is supported by substantial evidence and is in accord with the mandate of the Interstate Commerce Act. We have studied the record carefully, in the light of plaintiffs' legal arguments, and conclude that plaintiffs have failed to establish that the Commission's findings are insufficient, as a matter of law, to support the exercise of the discretionary judgment vested in it by the Congress. From our examination of the record, we are convinced that the Commission's findings are supported by substantial evidence.

▪ In both their written briefs and at oral argument, plaintiffs devoted considerable space and time to their contention that Division 1 of the Commission, acting as an appellate division, could not properly entertain and pass on plaintiffs' petition for reconsideration of the report and order of that division. Studna v. United States, W.D.Mo.1964, 225 F.Supp. 973, at 980–981, ruled that plaintiff's argument, based on Judge Rives' dissenting opinion in Malone Freight Lines, Inc. v. United States, N.D.Ala.1962, 204 F.Supp. 745, was not tenable. We adhere to what was said there and add that Judge Rives' joinder in Igert v. United States, N.D. Ala.1962, 211 F.Supp. 42, would indicate that he no longer holds the view expressed in his dissent.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.